## B. F. O'BRIEN *v.* THE STATE.

1. BRIBERY. — *O'Brien* v. *The State*, 6 Texas Ct. App. 665, cited and approved, to the effect that if an officer first suggests his willingness to accept a bribe, and thereby originates the criminal intent, the defendant, by acceding, does not commit bribery under art. 307 of the Penal Code. Rev. Penal Code, art. 133.

2. SAME — CHARGE OF THE COURT. — But it was not error to instruct that, if the defendant offered to bribe the officer, no subsequent conduct of the officer could exculpate the defendant.

APPEAL from the District Court of Hunt. Tried below before the Hon. G. J. CLARK.

This appeal results from a retrial of the case reported in 6 Texas Ct. App. 665, where the material facts will be found in the opinion of the court reversing the judgment from which that appeal was taken. The second trial was had at the July term, 1879, of the court below, and resulted in a verdict of guilty and an assessment of two years in the penitentiary. The opinion now reported sets out in full the instruction assigned as error, and discloses all other features worthy of notice.

No brief for the appellant has reached the reporters

*Thomas Ball*, Assistant Attorney-General, and *E. W. Terhune*, for the State.

CLARK, J. Appellant was convicted in the District Court of Hunt County, at its January term, 1879, for an offer to bribe the deputy-sheriff and jailer of said county to permit a prisoner in his custody to escape ; and on appeal to our Austin term, 1879, the judgment of conviction was reversed because of error of the court in instructing the jury that if the defendant offered the bribe he would be guilty under the law although the officer had before that time offered or agreed to accept a bribe. See *O'Brien* v. *The State*, 6

Texas Ct. App. 665.   Upon his second conviction, he again prosecuted his appeal, assigning for error the error of the court in giving and refusing instructions, and the insufficiency of the evidence.

That portion of the charge complained of is as follows: "But if the jury believe from the evidence that the defendant first offered the jailer any money, or other thing of value, for the purpose of inducing and influencing the jailer to permit Williams to escape from the jail, then the defendant would be guilty of offering a bribe; and this would be the case whatever may have been the conduct or actions of the officer after the offering of the bribe." This charge is excepted to because (as is alleged) it assumes that a bribe was offered, and makes the guilt of the defendant depend upon who first made the offer; and because it told the jury, in effect, that even had the officer agreed to accept the bribe from the prisoner in jail, whose escape was desired, and the prisoner had furnished the money to defendant, who then made the offer, that this was the first offer.

The charge is in accordance with the views expressed by this court on the former appeal; and no authorities have been furnished us which require or justify a modification of the rule as then laid down. A careful examination of the statement of facts fails to reveal any thing tending to show that the officer to whom the bribe is charged to have been offered ever agreed to accept a bribe from any one, or that the prisoner in his custody, or any one for him, had furnished the defendant with money to be offered to the officer in pursuance of his previous acceptance. The instruction, therefore, apart from being the law applicable to the case, could not have misled the jury, in view of the evidence before them.

The instructions asked by appellant and refused by the court seem to have been the identical instructions asked on the former trial, and which were held by this court, on the former appeal, to have been properly refused. We find

no change in the evidence which would justify us in holding their refusal on the second trial as erroneous. The modification in the instruction asked and given was proper, in view of the fact that the portion expunged was already substantially given in the main charge.

The evidence clearly shows an offer to bribe an officer to permit a prisoner in his custody, charged with a grave felony, to escape, and nothing is shown by appellant tending in any degree to explain or justify his conduct.

The judgment is affirmed.

*Affirmed.*